## JOHNSON v. APPLEGATE.

An attorney, who covenants in that capacity to convey, and sets his own hand and seal to the covenants, is competent to bring an action for the purchase money, covenanted to be paid him, in his own name.

This was an action of covenant, brought upon certain articles of agreement executed by Johnson and Applegate. It appeared there were certain covenants entered into between the parties, and duly executed in April, 1773, in which Johnson, " in behalf of Barbarie and Skinner, agrees to sell to Applegate a tract of land. In consideration of which, Applegate obliges himself, his heirs, &c., to pay to Johnson, for the use of the parties of the first part, £150, in manner following, &c., for the true performance of which the parties of the first part and second part bind themselves in the penal sum of £200." Applegate signed and sealed one part, and Johnson signed and sealed, with his own name and seal, a counter part of these articles.

On the trial of the cause before the late Chief Justice Brearley, at Middlesex Nisi Prius, Mr. *R. Stockton*, for the

defendant, contended that no action would lie upon this in-
strument in the name of Johnson, and the Chief Justice
being of that opinion, the plaintiff was non-suited. A rule
had been taken to show cause why the non-suit should not
be set aside, and, at this term, the motion came on to be
argued by *Frelinghuysen* and *Kirkpatrick* in support of the
rule, and *R. Stockton* against it.

For the plaintiff, it was contended that the action was well
brought in the name of Johnson, and that in fact no suit
could be maintained on these articles by Barbarie and Skin-
ner, the principals for whom he acted. There is an express
covenant by Applegate to pay to Johnson the sum of £150,
in consideration of his selling to defendant one hundred
acres [8] of land, as the agent or attorney of Barbarie and
Skinner; and is a manifest and total departure from the
words and meaning of the covenant, for the defendant now
to allege that his contract was not made with Johnson, but
with the persons whom he represented. It is an averment
against the deed, which cannot be admitted in any court of
justice. *Green* v. *Home*, 1 *Salk.* 197, *pl.* 3; *Bascawin and
Hall* v. *Cook*, 1 *Mod.* 223. See also 2 *Mod.* 138; 1 *Str.* 231.
There is a palpable distinction between a covenant and a
grant. Johnson could not convey a title to the defendant
for these lands, in his own name, but he is nevertheless com-
petent to contract for such sale, and would be personally
liable for the damages that might be sustained by the breach
of his covenant. In this case, it is possible he may be indi-
vidually answerable for his covenant to convey, as this deed
is executed in case Barbarie and Skinner refuse to make a
deed to defendant. Be that, however, as it may, here is a
clear, unambiguous, independent covenant on the part of
defendant to pay Johnson so much money in consideration
of his sale; and whether plaintiff had any right to sell, is
of no consequence in this case, and cannot be inquired into.
Neither is it material to ascertain whether he has executed
this instrument in such a manner as to be binding upon his
constituents, for although a deed may be inadequate to con-

vey property, yet it may be so far operative as to sustain an action of covenant; and, in this case, the action is well brought, nor is there any necessity to aver a performance by plaintiff. *Blackwell* v. *Nash*, 1 *Str.* 535; *Martindale* v. *Fisher*, 1 *Wils.* 38; *French* v. *Trewin*, 1 *Ld. Ray.* 124.

*Stockton, contra.*

PER CURIAM—C. J. The writing in question is drawn with much inaccuracy and carelessness; still, however, it is evident Johnson covenanted, on behalf of Barbarie and Skinner, that the lands should be conveyed to defendant, who, in like manner, engaged to pay the purchase money to Johnson. For anything that appears to the contrary, the defendant may already, on his part, have reaped the benefit accruing to him from the contract. Be this, however, as it may, he cannot now, in the face of his express agreement by deed, be allowed to dispute his liability to pay. As to Johnson's responsibility, it is clear law that one may covenant for

another in his own name, though it be not within his power actually to make a legal conveyance of the property of such other. It is material, also, to observe the conclusion of the instrument, which says, the "parties" have hereunto set their hands; this is additional proof that the covenant was made to Johnson.

Rule absolute for setting aside the nonsuit. (a)

(a) In the case of *Piggott* v. *Thompson*, 3 *Bos. & Pull.* 147, it was held, that when A agreed in writing to pay the rent of certain tolls which he had hired, to the treasurer of the commissioners, that no action for the rent could be maintained in the name of the treasurer. See *Appleton* v. *Binks*, 5 *East* 148, where it was held, that one who covenants for himself, his heirs, &c., and under his own hand and seal, for the act of another, shall be personally bound by his covenant, though he describe himself in the deed as covenanting for and on the part and behalf of such other person. *Meyer* v. *Barker*, 6 *Binney* 223; *Buffum* v. *Chadwick*, 3 *Mass.* 103.

CITED *in Sheldon* v. *Dunlap*, 1 *Har.* 245.

